CRANFORD CO. v. TRAINOR.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 154.

MASTER AND SERVANT (§§ 286, 288*)—INJURIES TO SERVANT—DEFECTIVE SCAFFOLD—NEGLIGENCE—ASSUMED RISK—QUESTION FOR JURY.

. In an action at common law for injuries to a servant caused by a fall from a scaffold constructed of defective material, whether defendant was negligent in failing to exercise reasonable care to furnish safe appliances, and whether plaintiff assumed the risk, were for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050, 1068–1088; Dec. Dig. §§ 286, 288.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by Andrew Trainor against the Cranford Company to recover damages for personal injury. From a judgment for plaintiff, defendant brings error. Affirmed.

W. A. Jones, Jr. (Alden S. Crane, of counsel), for plaintiff in error.
Robert Stewart (Ralph G. Barclay, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The plaintiff, a servant of the defendant, was engaged in cleaning the tubes of a horizontal cylindrical steam boiler. To do this he had to stand on two planks, about 2x12, resting at one end on a wooden horse standing directly in front of the boiler, and at the other end upon a joist placed there for that purpose. The plaintiff had to push a steel brush at the end of a long handle forward and back in these tubes of the boiler, and so was

obliged to walk forward and back on the planks. While so doing he says one of the planks tilted sidewise, and, the heel of his left foot catching between the planks, he lost his balance and fell to the ground, a distance of some 4½ feet. The proof is that the planks, which were brought into court and shown to the jury,. were somewhat warped, so that, if laid upon their convex sides, they had a tendency to roll or wabble. This particular horse and these particular planks, no others being furnished by the defendant, had been used in this way in the cleaning of the boiler tubes for some three years, and the plaintiff had used them twice before the accident.

The action was at common law, which imposes the duty on the master to exercise reasonable care in furnishing safe appliances to his servants. On the other hand, the servants assume the risk of obvious defects. No conclusive inferences could be drawn from the proofs, so that the question of the defendant's negligence and of the plaintiff's. assumption of defects could not be disposed of by the court as matters of law. They were properly submitted to the jury, and, taking the whole charge and the answers to the requests to charge together, we think the jury was fairly instructed as to the law.

Judgment affirmed.